5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eldridge Charles HOWARD, Sr., Appellant,
v.
LITTLE ROCK POLICE DEPARTMENT; Bethell, Sgt., Little Rock
Police Department; Gilchrist, Officer, Little Rock Police
Department; Cindy Dicus, Officer, Little Rock Police
Department; Harmon, Officer; Little Rock, City of, Appellees.
 No. 93-1787EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 17, 1993.
Filed: September 15, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eldridge Charles Howard, Sr. was arrested for car theft. Howard was also charged with resisting arrest and with traffic charges committed during a chase of the stolen car. Because he was unable to post bond on the traffic charges, Howard remained in jail until all charges except resisting arrest were dismissed. Howard was later acquitted on the resisting arrest charge. Howard brought this action against the Little Rock Police Department, four police officers, and the City of Little Rock, asserting the police officers violated his civil rights by arresting him without probable cause. See 42 U.S.C. Sec. 1983 (1988).
 
 
 2
 The district court dismissed the City and the Police Department because the claims against them were based on the theory of respondeat superior, and dismissed one officer for lack of service. After a bench trial, in which Howard was represented by appointed counsel, the district court decided that, although Howard was not one of the car thieves, the officers had probable cause to arrest him based on their belief he was one of the suspects who fled after the car crashed, and the arrest was objectively reasonable. Specifically, the district court found that Howard was in the area where the suspects fled, he generally answered the description and dress of one of the suspects, and an officer identified him as an occupant of the stolen car. The district court concluded the three remaining officers were entitled to dismissal on the basis of qualified immunity. Howard appeals and we affirm.
 
 
 3
 Howard broadly challenges the district court's decision and findings. Initially, we agree with the reasons given by the district court in dismissing the City, the Police Department, and one of the officers before the trial. We also agree with the district court that the officers were entitled to qualified immunity. See Gorra v. Hanson, 880 F.2d 95, 97 (8th Cir. 1989) (qualified immunity protects law enforcement officers when they reasonably but mistakenly conclude probable cause is present). Indeed, based on the district court's findings, Howard's claim for false arrest was properly dismissed because the officers actually had probable cause to arrest him. Arnott v. Mataya, 995 F.2d 121, 124 (8th Cir. 1993). The fact Howard was later absolved of all charges does not matter. Id. Howard has not preserved his challenge to the district court's findings of fact because he has neither provided nor requested a trial transcript. See Fed. R. App. P. 10(b); Schmid v. United Bhd. of Carpenters & Joiners, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988). Thus, Howard's appeal must fail.
 
 
 4
 Accordingly, we affirm.